**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-7128

DERRELL JOHNSON,

          Plaintiff - Appellant,

    v.

C.T. WOODY, JR., Sheriff,

          Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:17-cv-00708-CMH-JFA)

Submitted:  January 26, 2018          Decided:  January 31, 2018

Before MOTZ, KING, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Derrell Johnson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrell Johnson appeals the district court's order dismissing, without prejudice, his 42 U.S.C. § 1983 (2012) complaint for failure to immediately notify the court of a change in his address. We review for abuse of discretion a district court's dismissal pursuant to Fed. R. Civ. P. 41(b). *See Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989). Our review of the record reveals that, although the district court's June 30, 2017, order was returned without delivery to Johnson, Johnson had provided the court with his correct, current address, which did not change.[*] Because the record does not support the district court's rationale for dismissal, we conclude that the dismissal constituted an abuse of discretion. *See Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 112 (4th Cir. 2013) (noting that "district court abuses its discretion by resting its decision on a clearly erroneous finding of a material fact" (internal quotation marks omitted)).

Accordingly, we vacate the dismissal order and remand the case to the district court to allow Johnson another opportunity to comply with the June 30, 2017, order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] The record does not reveal why the order was returned as undeliverable. We note that the district court had no reason to suspect that the failed delivery was based on the fortuity of the mail rather than a change of Johnson's address.